COPY

APR 26 2012

COURT SEAL

MICHAEL K. JEANES, CLERK
R. BARTLETT
DEPUTY CLERK

Michelle R. Matheson #019568
Matthew E. Walls #026523
MATHESON & MATHESON, P.L.C.
15300 N. 90th Street, Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
mwalls@mathesonlegal.com
Attorneys for Plaintiff

SUPERIOR COURT OF ARIZONA, MARICOPA COUNTY

| | |
|---|---|
| BRIAN SMITH,<br><br>Plaintiff,<br><br>v.<br><br>TRI-CITY TRANSMISSION SERVICE, INC., a domestic corporation, and DAVID A. RICCIO and CIRA RICCIO, husband and wife.<br><br>Defendants. | Case No.: CV2012-052886<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

Plaintiff Brian Smith, for his Complaint, alleges as follows:

1. Plaintiff Brian Smith ("Smith") is currently and at all times relevant to this action a resident of Maricopa County, Arizona. During the two year period prior to filing this Complaint ("the Claim Period"), Smith performed labor services for Defendants but was not compensated appropriately under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "FLSA").



Exhibit "B"

2. Upon information and belief, Defendant Tri-City Transmission Service, Inc., (the "Company" or "Tri-City") is a domestic corporation registered to and doing business in Maricopa County, Arizona.

3. Upon information and belief, Defendant David A. Riccio ("Riccio") and Cira Ricco (collectively with Tri-City, the "Defendants") are a married couple and are residents of Maricopa County, Arizona. They have caused events to occur giving rise to this Complaint for which their marital community is fully liable. Riccio is President, Vice-President, Secretary, Treasurer, and Director of Tri-City and exercises significant economic control over Tri-City, including control over decisions regarding how to pay Plaintiff.

4. The events giving rise to these causes of action occurred, at least in part, in Maricopa County, Arizona

5. This Court has jurisdiction and venue over the subject matter and the parties hereto pursuant to A.R.S. §12-123 and 12-401.

**COUNT ONE**
**(Failure to Properly Pay Overtime Wages in Violation of the Fair Labor Standards Act , 29 U.S.C. §§ 201-219)**

6. Plaintiff incorporates by reference the allegations above. In support of his Complaint for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 he alleges as follows:

7. During the Claim Period, Plaintiff was employed by Defendants. Plaintiff's primary job duties were non-exempt in nature, and included answering phones, setting appointments, completing paperwork, and processing payments from customers. At all times relevant to this action, Plaintiff was a covered "employee" and Defendant was Plaintiff's "employer" as those terms are defined by the FLSA.

8. At all times during the Claim Period the Company was a covered "Enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA. Upon information and belief, during the Claim Period Defendant's annual gross volume of sales or business done exceeded $500,000.00.

9. At all times during the Claim Period, Plaintiff was a covered individual "engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA.

10. Plaintiff regularly worked in excess of 40 hours per week during his employment with Defendants. Plaintiff was paid a base salary for his services, but was not appropriately compensated in full for time worked in excess of 40 hours per week in violation of the FLSA.

11. Defendants failed to record all hours worked by Plaintiff. Defendants did not utilize any manner of time keeping.

12. Defendants knew that it was subject to the requirements of the FLSA. Defendants knew or showed reckless disregard that the duties performed by Plaintiff were non-exempt duties under the FLSA and/or that the method by which Plaintiff was compensated failed to qualify for any exemption under the FLSA.

13. Defendant nonetheless classified Plaintiff as "exempt" in an effort to avoid additional overtime compensation due him under the FLSA.

14. At all times during the Claim Period, Plaintiff was a nonexempt employee under the FLSA.

15. During the Claim Period, Defendant failed to comply with Title 29 U.S.C. §§ 201-219 in that Plaintiff regularly worked in excess of 40 hours per week, but was not paid for those excess hours at the compensation rate required by the FLSA.

16. Plaintiff has suffered economic damages as a result of Defendant's unlawful compensation practice and is entitled to statutory remedies provided pursuant to the FLSA, including but not limited to, unpaid overtime compensation, liquidated damages, pre and post judgment interest, attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

## REQUESTED RELIEF

WHEREFORE, Plaintiff requests:

A. For the Court to declare and find that the Defendant violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages to Plaintiff.

B. For the Court to award damages, including liquidated damages pursuant to 29 U.S.C. § 216(b);

C. For the Court to award Plaintiff his reasonable attorneys' fees and costs;

D. For the Court to award pre-judgment interest on all compensation due,

accruing from the date such amounts were due, and post-judgment interest; and

E. For the Court to award such other monetary, injunctive, equitable and declaratory relief as the Court deems just and proper.

Dated this 26th day of April, 2012.

Michelle R. Matheson #019568
Matthew E. Walls #026523
MATHESON & MATHESON, P.L.C.
15300 N. 90th Street, Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
Attorney for Plaintiff