**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Brian Smith, | ) | No. CV 12-01254-PHX-FJM |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| Tri-City Transmission Service, Inc.; David A. Riccio; Ciro Riccio, | ) ) ) | |
| Defendants. | ) ) ) | |

The court has before it the parties' joint motion for approval of settlement agreement and order for dismissal of claims with prejudice as to all claims alleged against defendants (doc. 10). Plaintiff's complaint alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. The parties state that the proposed settlement agreement represents a fair and reasonable resolution of a bona fide dispute.

FLSA's provisions are mandatory and "FLSA rights cannot be abridged by contract or otherwise wavied because this would 'nullify the purposes' of the statute." Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 740, 101 S. Ct. 1437, 1445 (1981). The United States Court of Appeals for the Ninth Circuit has not squarely addressed how claims may be resolved under the FLSA. District courts within the Ninth Circuit and across the nation hold that FLSA claims may not be settled without approval of the Department of Labor or the district court, based on Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350,

1353-54 (11th Cir. 1982). See, e.g., Hand v. Dionex Corp., No. CV 06-1318-PHX-JAT, 2007 WL 3383601 (D. Ariz. Nov. 13, 2007).

The Fifth Circuit, however, recently narrowed the scope of Lynn's Food Stores to its facts. Martin v. Spring Break '83 Productions, L.L.C., No. 11-30671, 2012 WL 3011004, at *6 n.10 (5th Cir. July 24, 2012). The employees in Lynn's Food Stores seemed unaware that the Department of Labor determined they were owed back wages or that they had rights under the FLSA, there was no evidence they consulted lawyers before signing the settlement agreements, and some of them spoke no English. Id. Under those facts, the Eleventh Circuit determined that approving an agreement "outside of the adversarial context of a lawsuit brought by the employees would be in clear derogation of the letter and spirit of the FLSA." Lynn's Food Stores, 679 F.2d at 1354. In contrast, the employees in Martin had legal counsel when they filed their complaint, knew of their FLSA rights, and their settlement agreement was within the context of a lawsuit. The Fifth Circuit determined that, under these facts, the concerns expressed in Lynn's Food Stores were not implicated and a private settlement of FLSA claims was binding.

It is no longer clear that a settlement of FLSA claims must be approved by the court to be binding, especially in a case such as this with facts analogous to Martin. Plaintiff was represented by counsel when he filed his complaint April 26, 2012, and throughout the course of this litigation. He alleged violations of the FLSA in his complaint, therefore he was obviously aware of his rights under this statute. The parties settled their disagreements within the context of a pending lawsuit. Following the logic of Martin, such a settlement agreement could reasonably be found binding upon the parties even without court approval.

The court has reviewed the proposed settlement agreement and finds that it fairly and reasonably resolves the parties' dispute. Defendants contested liability under the FLSA. There is a genuine dispute as to whether plaintiff was an exempt employee. There is no evidence of collusion or overreaching by defendants. This action was quickly resolved, less than four months after plaintiff filed his complaint.

**IT IS ORDERED GRANTING** the joint motion for approval of settlement

1  agreement (doc. 10).

2  **IT IS ORDERED DISMISSING** all claims with prejudice, with each party to bear
3  its own attorneys' fees and costs.

4  DATED this 23rd day of August, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge